# JULIE CONNOLLY LAW

P.O. Box 665
Concord, NH 03302-0665
603.496.5927
julie@jkc-law.com

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #:*
*DATE FILED: 1/30/2024*

January 28, 2024

**Via ECF**

Honorable Judge Colleen McMahon
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

*[Handwritten note: 1/30/2024 He can file the amended complaint you sent attached to our motion to dismiss it. CM]*

Re: *Lamar Brown v. New Hampshire Bowl & Board, LLC*
    U.S. District Court/Southern District of New York,
    Civil Docket No. 1:23-cv-01502-CM

Dear Judge McMahon,

On behalf of Defendant New Hampshire Bowl & Board, LLC ("NHBB"), we are writing to object to Plaintiff Lamar Brown's ("Brown") request for an extension of time to file an amended complaint in this action. *See* Docket no. 26. Brown's request for a ten-day extension of time – not the one-week extension stated in his request – will not cure his failure to timely serve the complaint, or to request a single extension of time to effect service of the complaint, which was filed on February 23, 2023, and not served on NHBB until November 7, 2023. *See* Docket no. 20. NHBB's motion to dismiss filed on January 3 triggered two deadlines: one on January 17 to file an objection and another on January 24 to file an amended complaint. Brown missed both deadlines. Although Brown represents that this is the first time he has requested an extension of time, in fact he filed four requests for adjournment of the initial pretrial conference in this matter, because he had not yet served the complaint. *See* Docket nos. 6, 10, 12 and 15. Brown should not be excused from failing to file an amended complaint within the twenty-one days allowed by Fed. R. Civ. P. 15(a)(1)(B), which would be tantamount to rewarding him for repeatedly disregarding the time requirements of the Federal Rules of Civil Procedure.

Denying the request for an extension of time to file an amended complaint and dismissing the complaint will not prejudice Brown. *See* Fed. R. Civ. P. 4(m) (requiring dismissal without prejudice for failure to timely serve the complaint). Brown is free to commence a new action and bring whatever claims he seeks to assert by way of amendment in this action in that new action. NHBB maintains that its website is accessible for visually impaired consumers in accordance with the A.D.A., *et al.*, and that Brown's allegations, therefore, are meritless.

Thank you for the Court's consideration.

- Hon. Judge Colleen McMahon
ECF Letter Objection
January 28, 2024
Page 2 of 2

Respectfully submitted,

*Julie K. Connolly*

Julie K. Connolly, PHV#NH10984
Stephen D. Rosemarino, SDNY # SR6653

cc: Client
All counsel of record, via ECF

64396960 v1