UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LAMAR BROWN,

        Plaintiff,

    -against-

NEW HAMPSHIRE BOWL & BOARD, LLC,

        Defendant.

------------------------------------------------------------X

23 Civ 1502 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/10/25

## MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO PROSECUTE

McMahon, J.:

    This is a nuisance lawsuit, brought against a "mom-and-pop" business that manufactures and sells wooden salad bowls, cooking tools and similar items from its location in Contoocook, New Hampshire. The complaint asserts that the company's web site fails to accommodate blind visitors in an adequate manner, in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., as well as two New York State laws.

    Defendant has moved, pursuant to Fed. R. Civ. P. 41(b), to dismiss this action with prejudice for failure to prosecute. Counsel's affidavit in support of the motion to dismiss paints an ugly picture of a lawyer-driven "class action" brought by a serial filer of similar lawsuits to torment a small company. Among the most troubling facts asserted in counsel's supporting affidavit – an assertion that has not been controverted by Plaintiff or his counsel, and which the court thus concludes must be true – is that the filing of this complaint was followed *on the very same day* – before the filing would have posted on ECF or otherwise become publicly available -- by a solicitation from a company offering to help NHB&B create an ADA-compliant web site. This suggests collusion, or worse, between plaintiff's counsel and the so-called "compliance" provider, because it is only from plaintiff's counsel that the "compliance" provider could have learned of the pendency of the lawsuit (the defendant was not served until nine months after the complaint was filed).

    Counsel's moving affidavit, which the court accepts as true (since it has not been controverted), outlines in great detail the number of deadlines missed by plaintiff – including the deadline set by this court for the filing of an amended complaint (last July 3), which was accompanied by a warning that the case would be dismissed if the deadline was missed – as well as plaintiff's utter failure to take any steps to prosecute this two year old case. It also contains uncontroverted facts suggesting that plaintiff's counsel misrepresented to the court that defendant

was in default, when in fact service of process (already well overdue pursuant to Fed. R. Civ. P. 4) had not yet been effected. (see Dkt. # 15).

Among the many deadlines missed by plaintiff was the deadline for filing a response to defendant's motion to dismiss for failure to prosecute. By my calculation a response was due on December 30. As of today, Plaintiff has neither filed a response nor requested an extension of time to do so. That is of a piece with his conduct throughout the past two years.

Defendant's motion for involuntary dismissal for failure to prosecute, made pursuant to Fed. R. Civ. P. 41(b), is, for the reasons outlined in the moving affidavit, GRANTED. Dismissal under subdivision (b) of Rule 41 operates as an adjudication on the merits unless the court orders otherwise. I do NOT order otherwise; therefore, dismissal is with prejudice as to all causes of action.

The Clerk of Court is directed to dismiss this lawsuit with prejudice, and to close the file.

This constitutes the decision and order of the court.

Dated: January 10, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL